# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Carol Johnson

v.

Chesapeake City
School Board

May 15, 2000

Case No. (Chancery) 97-431

BY JUDGE FREDERICK H. CREEKMORE

The issue presented to the Court comes from a case with a lengthy record. However, while the record is prolific, the issue appears to be a relatively simple one. The case is an appeal from a determination of the City of Chesapeake School Board, where that body decided to continue using a science text plaintiff found offensive. The issue for the Court is whether or not that decision was arbitrary, capricious, an abuse of discretion, or in excess of its authority.

The standard of review for a circuit court, on an appeal of a decision by a school board is governed by the Virginia Code. Va. Code § 22.1-87 states:

Any parent, custodian, or legal guardian of a pupil attending the public schools in a school division who is aggrieved by an action of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board. Such review shall proceed upon the petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of any hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the

school board exceeded its authority, acted arbitrarily or capriciously or abused its discretion.

As the Code clearly states, repeated since it is critical in the analysis, a circuit court must sustain the school board action unless it "exceeded its authority, acted arbitrarily or capriciously, or abused its discretion." Va. Code § 22.1-87. Thus, this Court is mandated to review the record on that basis. The court does not, and by statute cannot, review the merits of the decision of the School Board's decision. The Court cannot substitute its own view of the merits of the decision in question, it can only review the decision to see if there was a rational and factual basis for the decision to be made. See *County Sch. Bd. of Spotsylvania County v. McConnell*, 215 Va. 603, 212 S.E.2d 264 (1975). Even if the Court disagrees with the decision reached by the School Board, it cannot overturn the board's decision if the board gave fair consideration and debate to the issue. See *Fishel v. Frederick County Sch. Bd.*, 11 Va. Cir. 283 (1988).

In the present action, the plaintiff objects to the use of the text, *Exploring Life Sciences*, principally on the argument that the text teaches evolution as scientific fact and as a function of a secular religion. The record indicates that the plaintiff first brought her objections to the principal and science supervisor of Hickory Middle School, sometime in late 1996. Being unsatisfied with the responses, plaintiff then contacted the Chesapeake Public School's Director of Secondary Instruction, in September of 1996. Plaintiff then met with various other school officials concerning her objections, among whom included the Assistant Superintendent for Curriculum and Instruction and the Administrative Assistant to the Superintendent. Finally, plaintiff decided to file a formal challenge to the text, which was filed on October 29, 1996, with the School Board.

Pursuant to that formal challenge, a Review Committee, formed under the regulations of the Chesapeake School Board, reviewed the text. It is important to note that plaintiff had the opportunity to present her arguments against the text at the hearing of this committee. The Review Committee's decision was to uphold the textbook, at which plaintiff filed an appeal to the Superintendent of Schools. The Superintendent, after his review, determined to uphold the Review Committee's ruling. Finally, plaintiff filed a formal appeal to the full School Board. On March 24, 1997, the issue was presented to the School Board, where again plaintiff had an opportunity to present arguments. On April 14, 1997, the School Board voted and upheld the decision of the Review Committee and the Superintendent.

The record prepared and presented at the oral hearing (of this Court) contains lengthy materials plaintiff presented to the School Board. Further, the court directly reviewed the transcripts of the School Board hearing. It is clear that plaintiff was provided every opportunity to present her arguments. Indeed, many citizens in addition to the plaintiff spoke and presented evidence at the School Board meeting. Finally, the transcript clearly shows the School Board debated the issue.

This court finds the evidence that the plaintiff was provided opportunity to present her issue overwhelming. All the evidence further shows that the School Board fully debated the textbook issue. This Court cannot find the School Board acted arbitrarily, capriciously, or without authority based on the record presented. As discussed above, this is the sole issue for the Court to determine. The Court does not address the wisdom or the merits of the School Board. It only holds that the School Board made its decision in the proper process, as governed by the Virginia Code.

Accordingly, the Court grants the motion to dismiss.